UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON HENDERSON,

    Plaintiff,

v.

CREDIT ACCEPTANCE,

    Defendant.
_____/

Case No. 4:23-cv-12573
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION (ECF No. 12) AND TO DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (ECF No. 19)[1]**

I.    Introduction

This is a consumer rights case. Plaintiff Brandon Henderson (Henderson), proceeding *pro se*, is suing defendant Credit Acceptance under the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* He alleges that he entered a credit agreement with Car Source, which transferred the agreement to Credit Acceptance, and that Credit Acceptance began using unfair, abusive, and deceptive means to

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

collect the debt. (ECF No. 1). All pretrial matters were referred to the undersigned. (ECF No. 8).

Before the Court is Credit Acceptance's motion to compel arbitration and dismiss the case or, alternatively, to stay all proceedings. (ECF No. 12). Henderson has responded, (ECF No. 23), and the time for a reply has passed. Also before the Court is Henderson's motion for leave to file an amended complaint, (ECF No. 19), to which Credit Acceptance has responded, (ECF No. 22), and the time for a reply has passed.

For the reasons that follow, the undersigned RECOMMENDS that Credit Acceptance's motion be GRANTED, Henderson's motion be DENIED, and the case be DISMISSED WITHOUT PREJUDICE.

II. Background

Henderson says that on May 24, 2019, he entered into a credit agreement with a company called Car Source to finance the purchase of a Jeep Grand Cherokee. (ECF No. 1, PageID.5). Three days later, Car Source assigned his debt to Credit Acceptance, and that Credit Acceptance began using "unfair, abusive, [and] deceptive means to trick [him]" into paying off a debt he did not owe. (*Id.*). Henderson allegedly disputed the debt and sent a notice to Credit Acceptance to cease collection activities until it provided a verification of his debt, which he never received. (*Id.*). Nevertheless, Credit Acceptance continued to attempt to

2

collect the debt, threatened to seize his property, reported inaccurate information to appear on his credit report, and gave his private information to a third party. (*Id.*).

Henderson acknowledges in the complaint that his agreement contained an arbitration clause. (*Id.*, PageID.7). He says that the clause "should be deemed null [and] void" because it violates his rights to due process and trial by jury. (*Id.*).

### III.   Legal Standards

#### A.   Motion to Dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The

plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . .  [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

Courts have found that a motion to compel arbitration can be treated as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *See, e.g.*, *Mad Mobile, Inc. v. Meijer Great Lakes Ltd. P'ship*, ___ F. Supp. 3d ___, ___, No. 1:23-CV-1020, 2023 WL 9601660, at *1 n.1 (W.D. Mich. Nov. 15, 2023) (citing *Barnabo v. Edward D. Jones & Co., LP*, No. 2:23-cv-09, 2023 WL 2730218, at *1 (W.D. Mich. Feb. 28, 2023) (collecting cases)).

4

B. Motion to Amend

Under Federal Rule of Civil Procedure 15(a), motions to amend the complaint are left to the Court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). In deciding whether to allow an amendment, "the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Despite the general rule of liberality with which leave to amend is to be granted, the Sixth Circuit has held that the motion may properly be denied if the amended complaint would not survive a motion to dismiss. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

IV. Analysis

A. Credit Acceptance's Motion to Dismiss

1. The Agreement and Arbitration Clause

Credit Acceptance argues that Henderson's case, which is based on a credit agreement between the parties, is precluded from federal court by the binding arbitration clause in said agreement. The written agreement is referenced in the complaint, and Henderson specifically acknowledges the agreement's arbitration

clause, which he seeks be declared null and void. (ECF No. 1, PageID.5, 7).

"[W]hen deciding a motion to dismiss, a court may consider materials outside the pleadings that 'are referred to in the complaint and are central to the claims contained therein.'" *Sharp v. FCA US LLC*, 637 F. Supp. 3d 454, 459 (E.D. Mich. 2022) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). Credit Acceptance has attached a copy of the credit agreement to its motion. (ECF No. 12). Because the agreement is referred to in the complaint and central to its claims, the Court may consider it on Credit Acceptance's motion to dismiss.[2]

On page four of the five-page agreement, there is a paragraph noting the automatic assignment of the agreement to Credit Acceptance. It reads,

> **NOTICE OF ASSIGNMENT: The Seller has assigned this Contract to Credit Acceptance Corporation in accordance with the terms and conditions set forth above. This assignment is without recourse. You must make all future payments to: CREDIT ACCEPTANCE CORPORATION, 25505 WEST TWELVE MILE ROAD - SUITE 3000, SOUTHFIELD, MICHIGAN 48034-8339, 1-(800)-634-1506.**

---

[2] Credit Acceptance has also attached a copy of the Declaration Acknowledging Electronic Signature Process signed by Henderson, Henderson's Demand for Arbitration, a letter from the American Arbitration Association (AAA) regarding appointment of an arbitrator, an email from Henderson dismissing his arbitration, and a Declaration from an employee attesting to the accuracy of the exhibits. *See* ECF No. 12, PageID.54-86. Because the motion before the Court is one to dismiss the complaint based on the arbitration clause, the communications from Henderson and the AAA will not be considered and are not needed to consider the motion.

(*Id.*, PageID.61 (bold in original)).  Henderson signed this page with his initials.

(*Id.*).

On the second page of the agreement, there is a paragraph alerting the buyer, Henderson, to its arbitration clause.

> **ARBITRATION:** This Contract contains an Arbitration Clause that states You and We may elect to resolve any dispute by arbitration and not by court action.  See the Arbitration Clause on Page 5 of this Contract for the full terms and conditions of the Arbitration Clause.  By initialing below, you confirm that you have read, understand and agree to the terms and conditions in the Arbitration Clause.

(*Id.*, PageID.59 (bold in original)).  Henderson initialed this paragraph and signed the page twice at the bottom.  (*Id.*).

The arbitration clause itself is contained on the last page of the agreement.  It states in relevant part,

> [a] "Dispute" is any controversy or claim between You and us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract.  "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based in tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories.
>
> . . .
>
> Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit.  If You or We elect to arbitrate a Dispute, this Arbitration Clause applies [and] A Dispute shall be fully resolved by binding arbitration . . .

7

. . .

>It is expressly agreed that this Contract evidences a transaction in interstate commerce. This Arbitration Clause is governed by the [Federal Arbitration Act (FAA)] and not by any state arbitration law.

(*Id.*, PageID.62).

Credit Acceptance notes that the agreement allows for the arbitration to take place near the buyer's place of residence and that the buyer may choose to initiate arbitration with either the Judicial Arbitration and Mediation Services, Inc. (JAMS) or the American Arbitration Association (AAA). (*Id.*). It also notes that there is, in bold, a paragraph regarding the buyer's right to reject the arbitration clause.

>**Your Right to Reject: If You don't want this Arbitration Clause to apply, You may reject it by mailing Us at P.O. Box 5070, Southfield, Michigan 48086-5070 a written rejection notice that describes the Contract and tells Us that You are rejecting this Arbitration Clause. A rejection notice is only effective** if **it is signed by all buyers, co-buyers and cosigners and the envelope that the rejection notice is sent in has a post mark of 30 days or less after the date of this Contract. If You reject this Arbitration Clause, that will not affect any other provision of this Contract or the status of Your Contract. If You don't reject this Arbitration Clause, it will be effective as of the date of this Contract.**

(*Id.* (bold in original)).

### 2. Parties' Arguments

Credit Acceptance argues that the agreement and arbitration clause outlined above preclude Henderson from making his claims in federal court. (ECF No. 12,

PageID.38). In other words, all of Henderson's claims should be decided in an arbitration proceeding. They also note that Henderson pled knowledge of the arbitration clause and that he did not allege rejecting the arbitration clause, which the clause itself allows for. (*Id.*, PageID.55).

In response, Henderson acknowledges that the agreement contains a conspicuous arbitration clause. (ECF No. 23, PageID.167). He says that for the arbitration clause to be enforceable, the contract must be valid and there must be lawful consideration. (*Id.*). He argues that the contract violates the FDCPA as well as the Truth in Lending Act. (*Id.*). Finally, he says that he did initially file for arbitration, but after finding out that arbitration may deprive him of due process, he sent notice that he would be filing a lawsuit and the arbitration case was closed. (*Id.*).

### 3. Discussion

Section 2 of the FAA provides that a contractual agreement "to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4." 9 U.S.C. § 2. The overarching purpose of arbitration is the avoidance of litigation. *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir. 1960). Were this Court to rule on the validity of the contract, it would

frustrate this purpose. *Id.* Even the "gateway" issue of arbitrability is one that is properly before the arbitrator. *Mad Mobile, Inc.*, 2023 WL 9601660, at *2 (citing *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019)).

There is no question that the dispute in this case falls under the arbitration agreement. Again, that agreement reads in relevant part,

> [a] "Dispute" is any controversy or claim between You and us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based in tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories. . . . *[A]ny dispute or argument that concerns the validity or enforceability of the Contract as a whole is for the arbitrator, not a court, to decide*.

(ECF No. 12, PageID.62 (emphasis added)). This is a dispute between Henderson, a signatory of the agreement, and Credit Acceptance, to which the agreement was validly assigned, regarding the agreement itself. Henderson has not denied signing the agreement, he has not alleged that he signed the agreement under fraud or duress, and he has not alleged reasons that the arbitration clause within the agreement is unconscionable.

"To void a contractual provision as unconscionable, under Michigan law, a court must find *both* 'procedural' and 'substantive' unconscionability." *Copeland v. Katz*, No. 05-73370, 2005 WL 3163296, at *2 (E.D. Mich. Nov. 28, 2005)

10

(quoting *Northwest Acceptance Corp. v. Almont Gravel, Inc.*, 162 Mich. App. 294, 302 (1987)).

Under Michigan law, "[t]he most important factors in deciding procedural unconscionability are: (1) whether the economically weaker party had an alternative source with which it could contract, and (2) whether the contract term was in fact negotiated." *Pack v. Damon Corp.*, 320 F. Supp. 2d 545, 556 (E.D. Mich. 2004). Here, though no negotiation allegedly took place, the arbitration clause contained a conspicuous paragraph regarding the ability to reject it. (*Id.*, PageID.62). This paragraph was written in bold lettering, unlike the rest of the arbitration clause, and provided Henderson thirty days in which to send a letter rejecting the clause. (*Id.*). He does not allege that he did so. He also does not allege that he could not have contracted with an alternative source. But even in contracting with Car Source, whose agreement stated it would be assigned to Credit Acceptance, Henderson had the option to reject the arbitration clause and continue with the purchase. Therefore, the clause cannot be said to be procedurally unconscionable. *See Copeland*, 2005 WL 3163296, at *2.

Because the arbitration clause is not procedurally unconscionable, the undersigned need not address substantive unconscionability. Nevertheless, the clause applies to both parties equally and no unconscionability is apparent on its face. *Id.* at *3.

Simply put, this dispute is not properly before the Court because Henderson's claim is plainly bound by the arbitration clause of the credit agreement. This conclusion is supported by a number of other cases in which similar, if not identical, arbitration clauses have been enforced over a variety of objections, including unconscionability. *See, e.g.*, *Rajapakse v. Credit Acceptance Corp.*, No. 16-13144, 2017 WL 3634095, at *4 (E.D. Mich. July 28, 2017), *report and recommendation adopted*, 2017 WL 3616611 (E.D. Mich. Aug. 23, 2017); *West v. Legacy Motors*, No. 16-12101, 2016 WL 6476458 (E.D. Mich. 2016); *Williams v. Champs Auto Sales*, No. 14-cv-12866, 2014 WL 6886546 (E.D. Mich. 2014); *Garcia v. Weltman, Weinberg & Reis Co. of Michigan*, No. 2:13-cv-14362, 2014 WL 1746522 (E.D. Mich. 2014). Henderson's arguments go to the merits of his case, which are properly heard before an arbitrator—not this Court—in the face of a valid arbitration agreement.

As for the remedy, Credit Acceptance requests a dismissal with prejudice or, alternatively, a stay of proceedings pending the outcome of litigation. As explained in *Rajapakse*, *supra*, the appropriate remedy is dismissal without prejudice.

> The undersigned further concludes that [Credit Acceptance] is entitled to dismissal rather than merely a stay of this litigation. It is true that where claims are referred to arbitration, the FAA provides for a stay of the court proceedings "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, in cases, such as the present one, where all of a party's claims are subject to

12

> arbitration, courts may properly dismiss the complaint. *See Arnold v. Arnold Corp.–Printed Commc'ns for Bus.*, 920 F.2d 1269, 1275 (6th Cir. 1990) (holding that it was not "error for the district court to dismiss the complaint" after ordering arbitration); *see also Ozormoor v. T-Mobile USA, Inc.*, 354 [F. App'x] 972, 975 (6th Cir. 2009) (rejecting the argument that the FAA requires district courts to stay suits pending arbitration rather than dismiss them). Indeed, "[t]he weight of authority clearly supports the dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). "Most district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice." *Gilchrist v. Inpatient Med. Servs., Inc.*, 2010 WL 3326742, at *5 (N.D. Ohio Aug. 23, 2010) (quoting *Nestle Waters N. Am., Inc. v. Bollman*, 2006 WL 3690804, at *6 (W.D. Mich. Dec. 12, 2006), *aff'd*, 505 F.3d 498 (6th Cir. 2007)); *see also McGill v. Meijer, Inc.*, 2011 WL 1166895, at *4 (W.D. Mich. Mar. 28, 2011) (where arbitration is compelled as to all claims, dismissal for lack of jurisdiction is appropriate, and because this dismissal is not on the merits, it will be without prejudice) (citing *Kruse v. AFLAC Int'l, Inc.*, 458 F. Supp.2d 375, 388 (E.D. Ky. 2006)). Given that all of plaintiff's claims are subject to final and binding arbitration, the undersigned recommends that this case should be dismissed without prejudice.

*Rajapakse*, 2017 WL 3634095, at *4 (E.D. Mich. July 28, 2017). Because all of Henderson's claims are subject to arbitration, and because the undersigned does not recommend addressing Henderson's claims on the merits, dismissal without prejudice is appropriate.

      B.    Henderson's Motion to Amend the Complaint

On December 27, 2023, Henderson moved for leave to amend the complaint. (ECF No. 19). He did not specify how or why he sought to amend the complaint, nor did he attach a copy of the proposed amended complaint to his motion as

13

required by Eastern District of Michigan Local Rule 15.1. Credit Acceptance responded, noting these deficiencies and arguing that due to the binding arbitration agreement, any amendment would futile. (ECF No. 22). A week later, Henderson filed a proposed amended complaint. (ECF No. 24).

The proposed amended complaint does clarify Henderson's claims, but his claims still relate to the credit agreement and as such would be covered by the arbitration clause discussed above. Henderson alleges that Credit Acceptance failed to provide verification of his debt as he requested; did not cease its debt collection actions despite refusing to verify the debt; improperly communicated with consumer reporting agencies regarding his debt; and failed to deduct Henderson's down payment from his debt owed. (ECF No. 24).

Based on the proposed amended complaint, allowing Henderson to amend the complaint would be futile. A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose*, 203 F.3d at 420. Henderson's proposed amended complaint, if adopted, would be subject to dismissal for the same reasons the original complaint should be dismissed. Therefore, if the above reasoning is adopted, Henderson's motion for leave to amend the complaint should be denied.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Credit

14

Acceptance's motion to dismiss, (ECF No. 12), be GRANTED, Henderson's motion for leave to amend the complaint, (ECF No. 19), be DENIED, and the case be DISMISSED WITHOUT PREJUDICE.

Dated: April 22, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

15

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2024.

s/Carolyn Ciesla  
CAROLYN CIESLA  
Case Manager
